UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH D. GILBERTI, JR., P.E.,

     Plaintiff,

v.                                     Case No: 8:21-cv-954-MSS-AEP

CENTERS FOR DISEASE
CONTROL, WORLD HEALTH
ORGANIZATION – PAN
AMERICAN HEALTH
ORGANIZATION, SENATOR RICK
SCOTT, DEPARTMENT OF
JUSTICE, UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA,U.S.
DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA,
U.S. COURT OF APPEALS FOR
THE ELEVENTH CIRCUIT,
CIRCUIT COURT FOR THE
THIRTEENTH JUDICIAL CIRCUIT
OF FLORIDA, CIRCUIT COURT
FOR THE TWELTFH JUDICIAL
CIRCUIT OF FLORIDA,
SARASOTA COUNTY CLERK OF
COURT, CIRCUIT COURT FOR
THE SEVENTEENTH JUDICIAL
CIRCUIT OF FLORIDA, FLORIDA
SECOND DISTRICT COURT OF
APPEALS, FLORIDA
DEPARTMENT OF LAW
ENFORCEMENT, FLORIDA
DEPARTMENT OF HEALTH,
FLORIDA DEPARTMENT OF
ENVIRONMENTAL PROTECTION,
UNITED STATES DEPARTMENT
OF EDUCATION, PARKLAND
HIGH SCHOOL, BROWARD

**COUNTY SCHOOL BOARD, MARK OBER, PAM BONDI, FLORIDA ATTORNEY GENERAL ASHLEY MOODY, OFFICE OF THE STATE ATTORNEY, FOR THE THIRTEENTH JUDICIALCIRCUIT OF FLORIDA, FLORIDA BOARD OF PROFESSIONAL ENGINEERS, OFFICE OF THE STATE ATTORNEY, SEVENTEENTH JUDICIAL CIRCUIT OF FLORIDA, CHRISTOPHER SHAW, OFFICE OF THE PUBLIC DEFENDER, THIRTEENTH JUDICIAL CIRCUIT OF FLORIDA, FLORIDA DEPARTMENT OF CORRECTIONS, and 72 PARTNERS, LLC,**

      **Defendants.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendants' Motion to Dismiss Plaintiff's Patently Insubstantial Complaint. (Dkt. 20) Plaintiff did not file a response to the Motion, and the time for doing so has passed. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** the Motion to Dismiss.

## I.    BACKGROUND

*Pro se* Plaintiff Joseph D. Gilberti, Jr. brought this action against several federal and state agencies, courts, and government officials, asserting (among other counts) federal RICO claims and civil rights violations under 42 U.S.C. § 1983. (Dkt. 1)

Gilberti appears to allege that Defendants are engaged in a massive conspiracy to "subdue" him for having found "a hidden underground Natural resource in Medicine, Energy and Water Supply production and in National Defense." (Id. at 3) The resource in question appears to be an "underground Aquifer" in Sarasota, Florida that Gilberti claims is "capable of delivering Antioxidant Spring water supply to over 10million taps from Tampa to Miami." (Id. at 9) Gilberti alleges that Defendants have "teamed up against [him] to steal" this resource, "which [is] more valuable tha[n] Gold, in an effort to hide it and its knowledge to find more like it from THE AMERICAN PEOPLE; and keep cancer and diseases rising in the region from Water supply being treated from polluted rivers and corporate dumping at the Taps." (Id. at 5) Gilberti also alleges that, as part of this conspiracy, Defendants "faked a Coronavirus Pandemic." (Id. at 9)

To remedy these allegedly wrongful acts, Gilberti seeks damages and an injunction (i) "ordering Defendants to stop all Water infrastructure funding [ ] in Florida until this resource is assessed and tied into the Peace River Manasota Water Supply system," and (ii) "[d]etain[ing] all Civil Servants, Engineers, Consultants, Lawyers and Police who falsified Police reports, water supply resources studies in the region, and ignored the timed Terrorism." (Id. at 32)

Several Defendants have moved to dismiss for lack of subject-matter jurisdiction, contending that the Complaint must be dismissed because it "consists entirely of 'patently insubstantial' claims." (Dkt. 20) Gilberti did not respond to the Motion to Dismiss, and the time for doing so has passed.

- 3 -

## II.   DISCUSSION

The Court lacks subject-matter jurisdiction over this action because the claims set forth in the Complaint are patently insubstantial. Accordingly, the Complaint is dismissed without prejudice.

"Federal courts are courts of limited jurisdiction." <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). "While complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, even a *pro se* plaintiff bears the burden of establishing that the Court has subject matter jurisdiction." <u>Grady v. U.S. Dep't of Defense</u>, No. 16-14293-ROSENBERG, 2017 WL 35531, at *1 (S.D. Fla. Jan. 4, 2017).

"[F]ederal courts are without power to entertain claims that are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-37 (1974) (quoting <u>Newburyport Water Co. v. Newburyport</u>, 193 U.S. 561, 579 (1904)). In other words, "[n]o federal question jurisdiction exists 'when the complaint is patently insubstantial.'" <u>Grady</u>, 2017 WL 35531, at *2 (quoting <u>Best v. Kelly</u>, 39 F.3d 328, 330 (D.C. Cir. 1994)). "Patently insubstantial" claims include those that rest on essentially fictitious allegations and "bizarre conspiracy theories." <u>Farris v. MetLife, Inc.</u>, No. 6:18-cv278-Orl-41KRS, 2018 WL 4938684, at *4 (M.D. Fla. May 21, 2018), <u>adopted by</u> 2018 WL 4931818 (M.D. Fla. Oct. 11, 2018); <u>see also</u> <u>Grady</u>, 2017 WL 35531, at *2 ("Claims that are essentially fictitious include those that allege 'bizarre conspiracy theories, any fantastic government manipulations of their

will or mind [or] any sort of supernatural intervention.'" (quoting <u>Best</u>, 39 F.3d at 330)).

This action must be dismissed for lack of subject-matter jurisdiction because Gilberti's claims are "wholly insubstantial and frivolous." <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946). Two Eleventh Circuit panels recently affirmed the dismissal of two prior lawsuits filed by Gilberti alleging a similar conspiracy to "purposely hid[e] Critical US underground Alkaline spring water rivers." <u>Gilberti v. Governor of Fla.</u>, 835 F. App'x 508, 511-12 (11th Cir. 2020); <u>see also</u> <u>Gilberti v. Adrurra Grp., Inc.</u>, 810 F. App'x 806, 809 (11th Cir. 2020) (affirming dismissal of complaint for lack of subject-matter jurisdiction because "Gilberti offered no evidence or factual support for his incredulous accusations that the appellees worked together to, *inter alia*, (1) increase cancer rates; (2) raise water bills; (3) encourage the opioid epidemic; or (4) encourage domestic terrorism"). These Eleventh Circuit panels held that the district court lacked subject-matter jurisdiction over the actions because the allegations "were patently without merit." <u>Gilberti</u>, 835 F. App'x at 512; <u>accord</u> <u>Gilberti</u>, 810 F. App'x at 809. The same conclusion follows here. Accordingly, the Complaint is dismissed without prejudice.

## III.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss Plaintiff's Patently Insubstantial Complaint, (Dkt. 20), is **GRANTED**.

2.  Plaintiff's Complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

3.  The **Clerk** is directed to **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida this 12th day of May 2021.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party